UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY A. GEIMAN, as he is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, LABOR MANAGEMENT COOPERATION TRUST, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICESHIP AND TRAINING FUND; and INTERNATIONAL UNION OF OPERATING ENGINEERS NATIONAL TRAINING FUND,<br>　　　　　　　Plaintiffs<br><br>　　　v.<br><br>JAMIE MCGUINNESS AND SONS INC.,<br>　　　　　　　Defendant, and<br><br>WEYMOUTH BANK,<br>　　　　　　　Trustee Process Defendant | CIVIL ACTION<br>NO. |

## VERIFIED COMPLAINT

1.　　This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act of 1974 ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to submit remittance reports, provide payroll audit records, and make contributions under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.　　The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the

LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Gregory A. Geiman is the Administrator of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). It provides health, dental and prescription benefits and life insurance, accident insurance, and disability pay to participants. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

4. Plaintiff Gregory A. Geiman is the Administrator of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

5. Plaintiff Gregory A. Geiman is the Administrator of the International Union of Operating Engineers Local 4 Annuity and Savings Fund. This Fund provides participant-directed individual accounts, including a 401(k). The International Union of Operating Engineers Local 4 Annuity and Savings Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

6. Plaintiff Gregory A. Geiman is the Administrator of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. This Fund trains apprentices and journey workers on the construction industry. The Hoisting and Portable Engineers Local 4 Apprentice

and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. Plaintiff Gregory A. Geiman is the Administrator of the Joint Labor-Management Cooperation Trust. This Trust is established pursuant to §302(c)(9) of the National Labor Relations Act, as amended, 29 U.S.C. §186(c)(9). The Trust is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

8. Plaintiff International Union of Operating Engineers National Training Fund trains apprentices and journey workers on the construction industry at a national level. The National Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is administered at 1125 17th Street, NW Washington, DC 20036.  Gregory A. Geiman, as Administrator, has been authorized to collect contributions on behalf of the National Training Fund.

9. The Health and Welfare, Pension, Annuity and Savings, and Apprenticeship and Training Funds, as well as the National Training Fund, are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They, along with the Joint Labor-Management Cooperation Trust, are hereinafter collectively referred to as "the Funds."

10. Defendant Jamie McGuinness and Sons Inc. ("JMASI") is a Massachusetts corporation with a principal place of business at 2 Phillips Rd., Holbrook, MA 02343.  Its resident agent for service of process is Jamie McGuinness, 2 Phillips Rd., Holbrook, MA 02343. JMASI is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

11.     Trustees Process Defendant Weymouth Bank is a banking institution which, on information and belief, is holding assets of the Defendant JMASI.

**FACTS**

12.     On or about December 14, 2015, Defendant JMASI agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements. A copy of JMASI's signed agreement ("Standard Short Form Agreement") is attached hereto as Exhibit A.

13.     Because of the Short Form Agreement, Defendant JMASI is a party to a collective bargaining agreement with the International Union of Operating Engineers Local 4 that is effective for the period from June 1, 2018 through May 31, 2022 ("CBA"), a copy of which is attached hereto as Exhibit B.

14.     The CBA requires each employer such as JMASI to make contributions to the Plaintiff Funds for each payroll hour for each employee covered by the CBA and to pay interest on late payments at the rate of one percent (1%) per month.  If employees so elect, the employer is also obligated to withhold an amount from the employees' gross wages before any deduction for taxes for deposit in the Annuity and Savings 401(k) plan.  Interest on late-paid elective deferral amounts that employers have deducted from employees' wages are assessed in accordance with rules and regulations of the U.S. Department of Labor ("DOL").

15.     Pursuant to the CBA, employers are also obligated to deduct from wages and remit a percentage of the gross wage package for working dues. If employees so elect, the employer is also obligated to deduct money from wages and pay to the Social Action Committee

("SAC"). Those amounts deducted from employees' wages are remitted to the Funds, which have been authorized to collect those amounts on behalf of the Union.

16. The employer is required to submit monthly remittance reports no later than the 19th day of the month following the month in which work is performed. Remittance reports delineate payroll hours for each of their covered employees for work performed in the previous month. The Funds allocate the contributions according to the employers' remittance reports. The Funds periodically perform audits of employers' payroll records to verify the amounts reported by employers on their remittance reports.

17. JMASI has failed and refused to submit remittance reports or payroll audit records for the period December 2020 to present despite repeated requests.

18. The Funds sent a demand letter with a copy of this Complaint to JMASI on February 8, 2022 by delivery-receipted email and U.S. first class mail. A copy of the demand letter is attached as Exhibit C. No response has been received to date.

19. JMASI also owes legal fees and costs of collection incurred by the Funds in this matter. To date, legal fees and costs amount to $1,150.76 and will continue to accrue.

20. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

**COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS**

21. Plaintiffs incorporate by reference herein Paragraphs 1-20 above.

22. The failure of Defendant JMASI to submit remittance reports and provide payroll audit records as required by the terms of the trust agreements and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

23. Absent an order from this Court, Defendant JMASI will continue to refuse to report hours, provide payroll audit records, and pay any amounts owed to the Funds, and the Funds and their participants will be irreparably damaged.

## COUNT II - VIOLATION OF LMRA – MISSING RECORDS AND DELINQUENT CONTRIBUTIONS

24. Plaintiffs incorporate by reference herein Paragraphs 1-23 above.

25. The failure of Defendant JMASI to submit remittance reports, provide payroll audit records, and pay benefit contributions for covered hours as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment by trustee process of the accounts of the Defendant JMASI at Weymouth Bank up to the amount of $1,150.76;

b. Order the Defendant JMASI to make available to the Plaintiff Funds or their duly authorized representative and/or auditor all books and records, including payroll records, contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals, accounts receivable, and a complete listing of all job locations from December 2020 until the date of the Court's order for the purpose of ascertaining the full amount of unpaid contributions for that period as well as accounts receivable for that period;

b. Enter a preliminary and permanent injunction enjoining Defendant JMASI from refusing to submit remittance reports and failing to make contributions to Plaintiff Funds and remit elective deferrals deducted from employees' wages;

      c.      Enter a preliminary and permanent injunction enjoining Defendant JMASI from refusing or failing to remit Union dues and SAC contributions deducted from employees' wages;

      d.      Enter judgment in favor of the Plaintiff Funds against the Defendant JMASI in the amount of any unpaid benefit contributions for the period December 2020 to present, continuing interest on unpaid contributions at the rate of 1% per month from the date due to the date paid, past-due interest on late-paid contributions, 401(k) elective deferrals, lost earnings, and interest thereon at the prescribed rate, working dues and SAC contributions deducted from employee wages, together with statutory liquidated damages, auditor's fees, and legal fees and costs of collection through the date of final payment, along with all other amounts that may fall due during the pendency of this action; and

      e.      Such further and other relief as this Court deems appropriate.

      GREGORY A. GEIMAN, as he is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, et al.,

      By their attorney,

/s/ Kathryn S. Shea
Kathryn S. Shea, BBO #547188
Law Office of Kathryn S. Shea
108 Trowbridge St., Third Floor
Cambridge, MA 02138
kate@kateshealaw.com
(617) 851-4350

Dated: February 27, 2022

## **VERIFICATION**

    I, Gregory A. Geiman, Administrator for the International Union of Operating Engineers Local 4 Trust Funds, verify that I have read the above Complaint, and the statements set forth therein are true and accurate based on my personal knowledge, except for those statements made on information and belief, as to which I am informed and believe them to be true.

    SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 27th DAY OF FEBRUARY, 2022.

    /s/ Gregory A. Geiman
    Gregory A. Geiman